[This decision has been published in *Ohio Official Reports* at 83 Ohio St.3d 461.]

CINCINNATI BAR ASSOCIATION *v.* CALIMAN.

[Cite as *Cincinnati Bar Assn. v. Caliman*, 1998-Ohio-26.]

*Attorneys at law — Misconduct — Six-month suspension — Failure to pursue a legal matter and misrepresentation of the status of that matter to clients.*

(No. 97-2676 — Submitted June 9, 1998 — Decided  October 28, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-113.

———————————

{¶ 1} On December 9, 1996, relator, Cincinnati Bar Association, filed a complaint charging that respondent, A. Noel Caliman of Cincinnati, Ohio, Attorney Registration No. 0023375, violated several Disciplinary Rules while representing Sandi Allen and her son, Gregory Allen, with respect to a motor vehicle accident.  After respondent filed his answer, the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} Based on stipulations of the parties and evidence produced at a hearing, the panel found that respondent filed a personal injury action on behalf of  Sandi and Gregory Allen on March 7, 1991.  Respondent did not achieve service on the defendant within one year, and the case was dismissed with prejudice on October 9, 1992.  Respondent did not file an appeal, but continued to represent to the Allens either actively, or by avoiding their telephone calls, that he was advancing their case.  It was not until August 1995 when the Allens employed another counsel who confronted respondent that respondent admitted that the case had been dismissed.  The panel concluded that respondent's actions and failure to act violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 6-101(A)(3) (neglecting an entrusted legal matter).

{¶ 3} In mitigation, the panel received testimony and letters from attorneys and a judge with respect to respondent's character, reputation, and ability.  It recommended that respondent be suspended for a period of six months with the entire six months stayed subject to monitoring by relator during the stayed suspension period to ensure that respondent's case management system is satisfactory.  The board adopted the findings, conclusions, and recommendation of the panel.

———————————

*William E. Clements* and *Richard H. Johnson,* for relator.

*H. Fred Hoefle,* for respondent.

———————————

**Per Curiam**.

{¶ 4} We adopt the findings of the board.  The evidence considered by the panel involved both respondent's failure to pursue a legal matter and respondent's misrepresentation of the status of that matter to his clients.  We therefore adopt the conclusion of the board that respondent violated DR 1-102(A)(4) and 6-101(A)(3).  In *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 191, 658 N.E.2d 237, 240, a case very similar to this, we held that "when an attorney engages in a course of conduct * * * that violates DR 1-102(A)(4), the attorney will be

actually suspended from the practice of law for an appropriate period of time." In this case the board recommended that respondent be suspended for six months with the suspension stayed. That recommendation does not follow the *Fowerbaugh* prescription of "actual suspension."

{¶ 5} We hereby suspend respondent from the practice of law in Ohio for an actual period of six months. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment only.

_____